35056.   KINNEY, by next friend, *v.* PARDUE *et al.*

DECIDED MAY 4, 1954.

*Irwin R. Kimzey, Hamilton Kimzey, Kimzey & Kimzey, Herbert B. Kimzey,* for plaintiff in error.

*Kimzey & Crawford, Linton K. Crawford,* contra.

FELTON, C. J.   Walter Fay Kinney, by next friend, sued the Sheriff of Habersham County and the surety on his official bond to recover damages for the alleged false imprisonment of the plaintiff, who was eight years of age at the time of the alleged tortious act.   The jury found for the defendant, and the plaintiff excepts to the denial of his motion for a new trial.

The sheriff testified that he telephoned a high official "in regard to this matter."   This testimony was objected to, and counsel for the defendant stated that he did not insist on it.   Then later the sheriff testified that he wanted to tell what he asked the high official.   The plaintiff's attorney also objected to the sheriff's stating what he asked the official about it, and the defendant's counsel stated that he did not insist on the statement.   Then the sheriff stated:   "In other words, I could hold the boys for material witnesses for the State."   The plaintiff was one of the boys referred to.   Counsel for the plaintiff then moved for a mistrial because of the statement next above.   The judge then faced the jury and stated that he would instruct them to disregard the evidence.   The court made no further reference to the statement and did not rebuke the witness.   We think that the court erred in refusing to grant the motion for a new trial.   Whether the statement of the sheriff was subject to more than one interpretation, we think that the most reasonable interpretation is that the high official whom the sheriff telephoned about the matter told him that he had a right to hold the boys (including the plaintiff) as material witnesses for the State, and it was highly improper and prejudicial to the plaintiff.   Whether or not a rebuke of the witness would have cured the error is not for decision and is immaterial here, as no rebuke was made.   The fact that a high official had advised the sheriff as stated could easily have influenced the jury in its decision.

The court erred in denying the motion to declare a mistrial and in denying the motion for a new trial. Further proceedings were nugatory.

*Judgment reversed.   Quillian and Nichols, JJ., concur.*